In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00032-CR

                                                ______________________________

 

 

                               MITCHELL KEITH GOLDEN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County Court

                                                           Franklin County, Texas

                                                            Trial
Court No. 11792

 

                                                                        
                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Mitchell
Keith Golden appeals from his conviction by a jury of the offense of
terroristic threat.  His sentence was
imposed on December 14, 2010.  Golden
filed a motion for new trial on January 14, 2011, by hand delivering it to the
County Court of Franklin County thirty-one days later, on January 14,
2011.  He filed his notice of appeal the
same day.  Both the motion for new trial
and the notice of appeal were untimely.

            A
late notice of appeal invokes the appellate court’s jurisdiction only if (1) it
is filed within fifteen days of the last day allowed for filing, (2) a motion
for extension of time is filed in the court of appeals within fifteen days of
the last day allowed for filing the notice of appeal, and (3) the court of
appeals grants the motion for extension of time.  Olivo
v. State, 918 S.W.2d 519 (Tex. Crim. App. 1996).  Further, when a notice of appeal is filed
within the fifteen-day period but no timely motion for extension of time is
filed, the appellate court lacks jurisdiction. 
Id. at 522 (citing Rodarte v. State, 860 S.W.2d 108 (Tex.
Crim. App. 1993)).

            The
Texas Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of
Appellate Procedure strictly to require an appellant in a criminal case to file
his notice of appeal and a motion for extension within the fifteen-day period
for filing a late notice of appeal.  Id. at 522–26; see Tex. R. App. P. 26.3.  The Texas Court of Criminal Appeals has
expressly held that without a timely-filed notice of appeal or motion for
extension of time, we cannot exercise jurisdiction over an appeal.  See
Olivo, 918 S.W.2d at 522; see also
Slaton v. State, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per
curiam).  

            Golden
has now filed a motion to extend time with this Court to file his notice of
appeal and motion for new trial.  That
motion was placed in the mail on January 31, 2011, past the fifteen-day
extension window allowed for motions to extend time to file notices of
appeal.  Tex. R. App. P. 26.2(1). 
We overrule the motion as untimely filed.

            This
appeal is untimely brought, and we are without jurisdiction to hear this case.

            We
dismiss this appeal for want of jurisdiction.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          February
7, 2011

Date Decided:             February
8, 2011

 

Do Not Publish